JOSEPH M. TROTT ET AL., Trustees, In Equity

*vs.*

CLARA GOODWIN KENDALL, ET ALS.

Sagadahoc.   Opinion November 23, 1925.

*Under a will containing the following language, "the whole of my property and estate to be paid to and divided equally between my two children, if living, at or after the time previously herein specified, or if not then living to their legal heirs or guardians," the interest of each of such two children is a contingent interest only and not devisable, and upon the death of such two children before the termination by death of a certain life estate ("the time previously herein specified") created under the provisions of the will, their legal heirs take the remainder of the estate as devisees, neither spouse of two such children being a legal heir of his testator.*

On report.   A bill in equity seeking the interpretation of a certain clause in the will of Gilbert E. R. Patten, a resident of Bath, who died in 1882, brought by testamentary trustees, wherein Richard E. Goodwin, widower of Clara M. Goodwin, a daughter of testator, Irene E. Patten, widow of John O. Patten, a son of testator, and Clara Goodwin Kendall, a granddaughter of testator, are respondents. A hearing was had on bill and answers, the facts therein alleged being admitted to be true, and by agreement of the parties the cause was reported to the Law Court to render such decision upon so much of the admitted facts as are legally admissible, as law and justice may require.   Decree according to the opinion.

The case is stated in the opinion.

*William H. Newell,* for complainants.

*Walter S. Glidden and Andrews, Nelson & Gardiner,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, BARNES, JJ.

MORRILL, J., concurring in the result.

BARNES, J.   By bill in equity the testamentary trustees of the estate of Gilbert E. R. Patten, late of Bath, pray for the construction of the will of their testator.

The will was approved and allowed by the Probate Court, in March, 1882, and since then all legacies have been paid, or otherwise removed from our consideration, except that expressed as follows: "Should my said wife Emma, not survive me, or if she should survive me, then at her decease after my death, I give and bequeath the one-third of the income of the balance of my property and estate herein appropriated for her benefit during her lifetime, to my two said children, John and Clara, and to the said Mrs. Jenks during her natural life, in equal proportions to each; thus in the event of my said wife's decease, giving to the other three devisees herein named, one-third each of the income of all my property and estate; and at the decease of the said Mrs. Jenks the whole of my property and estate to be paid to and divided equally between my two said children, if living, at or after the time previously herein specified, or if not then living to their legal heirs or guardians."

The wife and Mrs. Jenks have been removed by death.

Testator's only son died childless, leaving his widow, one of the respondents, as his residuary legatee; his only daughter died leaving an only child, Clara Goodwin Kendall, and a widower, one of the respondents, as her residuary legatee.

The last of the blood of Gilbert E. R. Patten is Clara Goodwin Kendall. The question for determination is whether the balance in the hands of the Trustees is to be divided between the two herein mentioned as residuary legatees, or is to go en bloc to Clara Goodwin Kendall, who is the only grandchild of the testator, and who claims the whole as next of kin and sole heir of both her mother and her uncle, the late John O. Patten.

It is the expressed will of the testator that under the conditions now existing the whole of the property and estate shall be "paid to and divided equally between my two said children, if living, at or after the time previously herein specified, or if not then living to their legal heirs or guardians."

Under the decisions of this court neither spouse of the deceased children can qualify as a legal heir of his testator.

Neither of the children of Gilbert E. R. Patten had while living a devisable interest in that part of the estate which now remains for distribution. During their lives they had nothing other than contingent interests, which never ripened into vested interests. They had nothing of this portion of the Gilbert E. R. Patten estate which they

could devise or bequeath.   *Robinson* v. *Palmer*, 90 Maine, 246.   It is urged, that this case is in every particular similar to that last cited.

Quite the contrary, however, in the case cited a portion of the estate of the testator was undevised: in this case, as we view the determination in the paragraph of the will herein quoted, nothing is left to be distributed as intestate property.

In a later paragraph of the will the Trustees are directed "to transfer, assign, and pay over all this trust property or the proceeds thereof then remaining, to such person or persons as at that time would be, under this will, entitled to receive the same."

According to the well considered and oft cited cases, *Buck* v. *Paine*, 75 Maine, 582, and *Morse* v. *Ballou*, 112 Maine, 124, the residuum of the trust fund is to be paid to Clara Goodwin Kendall.

Taxable costs and reasonable counsel fees of the trustees to be allowed from the estate.

> *Decree in accordance*
> *with this opinion.*